certificate shows that the receiver to collect the rents filed his bond on January 23, 1931. He was not qualified to collect rents before that time. Appellant Weiss, the owner of the property, collected $1,097 in rents on January 15, 1931, the day such rents accrued. Upon these facts, the Special Term erred in directing Weiss to turn over to the receiver the sum so collected. (*Fletcher* v. *McKeon*, 71 App. Div. 278; *Olive* v. *Levy*, 201 id. 262; *Wyckoff* v. *Scofield*, 98 N. Y. 475.) Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.

PETER H. McNULTY and HERBERT W. McNULTY, Copartners, Doing Business under the Firm Name and Style of McNULTY BROTHERS, Respondents, v. THERESA C. KAMMERER and DAVID KRAEMER, Amended to Read PHILIP KRAMER, Appellants.*— Judgment and order affirmed as to appellant Kammerer, without costs, and reversed upon the law and the facts as to appellant Kramer, without costs, and the complaint dismissed as to him. The respondents alleged and proved a cause of action against appellant Kammerer to recover commissions for procuring a lessee of her real property. The verdict is amply supported by the evidence. The claimed inconsistencies in the charge, if such they were, were not harmful. Appellant Kramer was not a proper party to this cause of action. It is apparent that he and appellant Kammerer sought to deprive the plaintiffs of their commission. Their acts, in furtherance of this scheme, however, do not amount to legal fraud, since, by the judgment, the respondents have recovered as against Kammerer, and this court affirms the judgment. The claim for damages resulting from fraud depriving respondents of commissions as against Kammerer are inconsistent with the recovery against the latter, and the judgment against Kramer can be supported on no other theory than that of fraud. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

MINNIE E. McWILLIAMS, Appellant, Respondent, v. JOSEPH F. McWILLIAMS, Respondent, Appellant.— Order, in so far as appealed from by the plaintiff, modified by awarding her twenty-five dollars a week alimony, to commence October 26, 1931, and as so modified affirmed, with ten dollars costs and disbursements to plaintiff. In so far as appealed from by defendant, the order is affirmed, without costs. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

JOHN MINETT, Respondent, v. EVERETT M. FREDERICK and LAURA H. FREDERICK, His Wife, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ.

WILLIAM MOELLER, Respondent, v. SHEFFIELD FARMS Co., INC., Defendant, and MANHATTAN PIE BAKING COMPANY, Appellant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs. In our opinion, no negligence was shown on the part of the driver of appellant's wagon. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

THE MOTHERLAND SHIPPING COMPANY, LTD., Respondent, v. FRANK I. FINKLER, Appellant. (Appeal No. 2.) — Interlocutory judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

THE MOTHERLAND SHIPPING COMPANY, LTD., Respondent, v. FRANK I. FINKLER, Appellant. (Appeal No. 1.) — Order denying motion to dismiss complaint

---

* Motion to dismiss appeal denied, 259 N. Y. —.